IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**U.S.A. PARTS SUPPLY, CADILLAC**
**U.S.A. AND OLDSMOBILE U.S.A.**
**LIMITED PARTNERSHIP,**

    **Appellant,**

**v.**                                          **CIVIL ACTION NO.: 3:20-CV-145**
                                                  **(GROH)**

**MICHAEL CHIACCHIERI,**
**CHRISTOPHER CORRADO,**

    **Appellees.**

## REPORT AND RECOMMNEDATION ON APPELLANT'S MOTION FOR LEAVE TO APPEAL AN INTERLOCUTORY ORDER [ECF No. 2]

### I.    INTRODUCTION

Pending before this Court is Appellant's "Motion For Leave To Appeal an Interlocutory Order" ("Motion") [ECF No. 2]. An Opposition to the Motion was filed on August 26, 2020. Thereafter, this matter was referred to the undersigned. Numerous filing were made thereafter and the Court takes all these into consideration in his ruling. The Court rules on the Motion after conducting an Evidentiary Hearing on October 23, 2020. For the reasons set forth below, the Motion is denied.

### II.    BACKGROUND[1]

This Court adopts the background set forth by Bankruptcy Judge Bissett in his July 30, 2020, order, dismissing Count One of Plaintiff's Amended Complaint, which is as

---

[1] Through this section of the order and certain quoted passages, Appellant will be referred to as either Plaintiff or Debtor and Appellees will be referred to as Defendants or Judgment Creditors. All ECF references will be to 3:20CV145, unless specifically noted otherwise.

follows without footnotes:

> The Debtor is a Maryland limited partnership with its principal place of business in Kearneysville, West Virginia. The Defendants purport to be limited partners of the Debtor. On August 7, 2018, the Defendants filed a complaint against the Debtor and Michael Cannan in the Circuit Court for Montgomery County, Maryland (the "MD Receivership Proceeding"). In the MD Receivership Proceeding, the Defendants alleged numerous actions against the Debtor and Mr. Cannan which seemingly arose from Mr. Cannan's management of the Debtor. On February 13, 2019, after the Debtor admittedly failed to defend in the MD Receivership Proceeding, the court ordered the appointment of Cheryl E. Rose as Receiver to conduct an accounting, pursue avoidable transfers under state law, wind-up the Debtor's business with court approval, collect all sums the Debtor was entitled to recover from Mr. Cannan and third parties, and otherwise undertake the duties of a receiver under the laws of Maryland.
>
> On October 10, 2019, the Maryland court entered summary judgment for the Defendants and found the Debtor and Mr. Cannan jointly and severally liable to the Defendants for the sum of $300,000.00 (the "Summary Judgment Order"). Of the total sum, the court awarded "the Plaintiffs who [pursued that] action" $100,000.00 as an administrative expense of the Receivership for expenses they incurred associated with the action and $200,000.00 as an "allowed general unsecured claim against the Receivership Estate . . . ." Moreover, the Summary Judgement Order stated that the Receiver "shall continue to perform her duties" in accordance with the Maryland court's prior order. On December 18, 2019, the Defendants allegedly domesticated the Summary Judgment Order in Jefferson County, West Virginia.
>
> On March 22, 2020, the Debtor filed its voluntary petition for Chapter 11 relief. On May 26, 2020, the Debtor filed its Complaint which began this adversary proceeding. On June 4, 2020, the Defendants filed their first motion to dismiss in the adversary proceeding. The court subsequently entered an order in the bankruptcy case that narrowed the issues in this adversary proceeding. However, the court permitted an Amended Complaint, which the Debtor filed on June 18, 2020. Additionally, on June 8, 2020, the Debtor filed its Objection to Proof of Claim 4 (the "Claim Objection"), which relates to this proceeding. The Debtor's Claim Objection appears to address similar, if not identical, issues as in its Amended Complaint in this adversary proceeding. On July 2, 2020, the Defendants filed their response to the Debtor's Claim Objection, which appears to also address similar, if not identical, issues as in this adversary proceeding Debtor and Defendants have been involved in ongoing bankruptcy proceedings.

ECF No. 16-9 at 2-4. In deciding the Defendants' Motion to Dismiss in the adversarial proceedings, Judge Bissett ruled as follows:

> Count I is substantially the same, if not identical, to the issue resolved by this court in its June 10, 2020 Order. Based upon the court's analysis there, the court does not perceive the need to analyze Count I. The court will grant the Defendant's motion in that regard based on the strength of the court's June 10, 2020 Order.

Id. at 4.

Judge Bissett ruled as follows in his June 10, 2020, order relating to Plaintiff's complaint:

> Pending before the court is the Defendants' Motion to Dismiss filed on June 4, 2020. During a telephonic hearing held on June 9, 2020, in the underlying bankruptcy case, the court denied the Debtor's request to alter or amend its order entered on May 13, 2020. That ruling, effectively resolved certain aspects of the complaint. Unresolved, however, is whether the Defendants properly recorded their judgment under the West Virginia Uniform Enforcement of Foreign Judgments Act.

ECF No. 16-5.  Further, Judge Bissett granted leave for Plaintiff to amend its complaint. Id. The following is an excerpt of Judge Bissett's May 13, 2020, order finding the issue regarding the Receiver's standing to seek dismissal of the case is moot:

> Notwithstanding the parties' arguments regarding the issue of the Receiver's standing, the Court finds that the Judgment Creditors' motion moots the issue. Specifically, the Court finds that the Judgment Creditors have standing to pursue dismissal. On October 8, 2019, they obtained a judgment against the Debtor and Mr. Cannan for the sum of $300,000.00. Regardless of whether they truly are limited partners of the Debtor or whether the Maryland Judgment is beyond scrutiny, the Debtor may not collaterally attack the judgment here. This court must give full faith and credit to the Maryland Judgment. Put simply, the Court finds that the issue of the Receiver's standing is moot because the Judgment Creditors currently have standing as parties in interest based upon their judgment. Therefore, the Court expects the Judgment Creditors, and not the Receiver, to prosecute the motion going forward.

3

3:20-bk-241 ECF No. 79 at 2.

On August 13, 2020, Appellant filed "Notice of Appeal" in this Court, contesting the Memorandum Opinion and Order of the Bankruptcy Court[2] entered on July 30, 2020, dismissing Count I of the Amended Complaint filed in the Adversary Proceeding. ECF No. 1. Count 1 of the Amended complaint asked for the following relief:

> Pursuant to Federal Rule of Bankruptcy Procedure 7001(2), the Plaintiff requests this Court enter an Order declaring the Summary Judgment Order recorded amongst the land records of Jefferson County, West Virginia on December 18, 2019 in favor of Michael Chiacchieri and Christopher Corrado invalid and not a lien against the Debtor's real property in West Virginia.

ECF No. 16-6.

On August 26, 2020, Appellees filed their opposition to the Motion. ECF No. 4. The following day, Chief District Court Judge Gina M. Groh referred the matter to the undersigned. ECF No. 5. An evidentiary hearing was scheduled for October 23, 2020. ECF No. 18.

On October 21, 2020, Appellees filed "Praecipe Regarding Motion For Leave To Appeal An Interlocutory Order" ("Praecipe") [ECF No. 19]. In the Praecipe, Appellees attached an Order that consented to the relief requested by Plaintiff. ECF No. 19-1 at 1. The proposed Order states that the Maryland Summary Judgment Order was not properly recorded in West Virginia; thus, good cause exists to grant relief. Id. However, Appellees state that Plaintiff is unwilling to join the Order. Id.

Appellant filed a Reply in Support of Motion [ECF No. 20] on October 22, 2020. Appellant reiterated that a resolution of the issue raised would provide clarity to the implementation of Appellant's Chapter 11 Plan and the remaining bankruptcy

---

[2] This case revolves around an appeal from an Order of the Bankruptcy Court in the Northern District of West Virginia case number 3:20-bk-241 and adversary proceeding number 3:20-ap-24

4

proceedings. ECF No. 20 at 4-5.

### III. CONTENTION OF PARTIES

Appellant asserts that an interlocutory appeal is necessary to determine "that the Maryland Summary Judgment Order is not a final order, and reverse[] the Bankruptcy Court's Order dismissal of Count 1 of the Amended Complaint." ECF No. 2 at 4. Appellant claims that the Maryland Summary Judgment order is the most significant moving part in the bankruptcy case and without the resolution of that issue, Appellant cannot submit a plan that addresses each possible outcome on appeal. Id. Further, an interlocutory appeal will allow a final and conclusive resolution of this critical and distinct legal issue prior to the outcome of the remaining counts of the adversary proceeding. Id.

Appellees contend that an interlocutory appeal is unnecessary. Appellees have agreed as follows:  The Maryland Summary Judgement Order recorded in Jefferson, County, West Virginia, on behalf the Appellees is an unenforceable lien. Appellees hold a general unsecured claim, subject to any determination of the Maryland Circuit Court Action and the Bankruptcy Court of the Northern District of West Virginia that the Maryland Summary Judgment Order is not enforceable and/or subject to any revision by the Maryland Circuit Court. ECF No. 19. Additionally, the Appellant and/or its purported general partner, CUSAPS, Inc. has sought to intervene in the Maryland case, which will ultimately resolve the issue. The state court is the proper forum to address the Appellant's issues relating to whether the Judgment is entitled to full faith and creditor. ECF No. 4 at 4, ¶9.

## IV. **LEGAL ANALYSIS**

Appellant can obtain leave to pursue an appeal from interlocutory order of bankruptcy court only by demonstrating that exceptional circumstances justify a departure from basic policy of postponing appellate review until after entry of final judgement. 28 U.S.C. § 158(a)(3); In re Pawlak, 520 B.R. 177, 182 (D. Md. 2014). Exceptional circumstances exist when all three of the following factors are found: (1) an order involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) immediate appeal will materially advance termination of litigation. Id.

In this case, even if Appellant satisfies the first and second factors above, Appellant cannot satisfy the third factor, which requires a showing that immediate appeal will materially advance termination of litigation. The question presented in Appellant's motion for interlocutory appeal will be "…whether the Bankruptcy Court erred when it dismissed Count 1 of the Amended Complaint based on its conclusion that the Maryland Summary Judgment Order is a final and unappealable order for purposes of the Rooker-Feldman doctrine." ECF No. 2 at 4. Appellant seeks as relief "entry of an Order holding that the Maryland Summary Judgment Order is not a final order and reversing the Bankruptcy Court's dismissal of Count 1 of the Amended Complaint." Id.

Appellant requested the following relief in his Amended Complaint:

Entry of an Order pursuant to Federal Rule of Bankruptcy Procedure 7001(2) and Section 552 of Title 11, United States Code, deeming the alleged security interest created by the recordation in Jefferson County, West Virginia of the Summary Judgment Order to be invalid and of no force and effect; or in the alternative be treated as an unsecured lien in the Appellant's Chapter 11 Plan of Reorganization; and such further relief as this Court deems appropriate.

On October 21, 2020, Appellees filed a Consent to Order Granting Relief

acknowledging as follows:

> that the Summary Judgement Order recorded in Jefferson, County, West Virginia, on behalf the Defendants is declared to be an unenforceable lien, and … Defendants are deemed to hold a general unsecured claim….

ECF No. 19-1 at 2.

The Court finds that the alternative relief requested by the Appellant in his amended complaint has been satisfied making the relief he has requested in his interlocutory appeal moot. By Appellees consent to order granting relief, the Judgment Order recorded in Jefferson County, West Virginia has been deemed invalid and Appellees agree that it holds a general unsecured claim. Accordingly, factor number three is not met.  Appellant cannot show an "immediate appeal will materially advance termination of litigation."  In fact, the Appellant and/or its purported general partner, CUSAPS, Inc. is attempting to intervene in the Maryland Circuit Court action to either vacate the judgment or adjust the amount of the Judgment.[3] Even if an interlocutory appeal was allowed and this Court ruled in Appellant's favor, Appellees would still have a $300,000.00 general unsecured debt until the litigation regarding the Judgment Order in Maryland was completed. Further, the Appellant has filed an objection to the Appellees proof of claim which remains pending

Accordingly, Appellant has not shown that immediate appeal will materially advance termination of litigation and exceptional circumstances do not exist that would allow an interlocutory appeal in this case.

---

[3] On September 10, 2020, Bankruptcy Judge Bissett, modified the automatic stay to permit the Debtor and/or its purported general partner, CUSAPS, Inc. to proceed with filings in the Maryland Circuit Court action and to permit the Creditors to defend it.  3:20-bk-241, ECF No. 175.

## V.     RECOMMENDATION

For the foregoing reasons, I find that Appellant did not demonstrate that exceptional circumstances justify a departure from basic policy of postponing appellate review until after entry of final judgment. Accordingly, I **RECOMMEND** the Appellant's Motion [ECF No. 2] For Leave to Appeal an Interlocutory Order is **DENIED** for the reasons set forth above.

Appellant shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Order to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 2nd day of November, 2020.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE